UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-404-H

TYREESE HALL                                                                                         PETITIONER

V.

GARY BECKSTROM, Warden                                                                RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Tyreese Hall, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his state court conviction for the robbery, sodomy and murder of Clifton Agnew. Petitioner was alleged to have robbed Agnew, kicked him, punched him, and knocked him unconscious and then impaled him on a wooden stick puncturing his rectum and left lung. Agnew died seven weeks later. Petitioner denied all the charges. Nevertheless, at trial the jury convicted him on all counts and the court sentenced him to life without the possibility of parole for 25 years for the murder, a 25-year sentence for first-degree sodomy, and a 20-year sentence for first-degree robbery.

As provided by statute, Petitioner filed a notice of appeal directly to the Supreme Court of Kentucky. On appeal, he raised 11 arguments for reversal of his conviction. All of the constitutional arguments that Petitioner now raises in this §2254 petition were included on his direct appeal. On December 1, 2009, a divided Kentucky Supreme Court entered its final opinion rejecting all of Petitioner's claims of error. *Hall v. Commonwealth*, App. No. 2007-SC-359, 2009 WL 4263142 (Ky. Dec. 1, 2009).

The Kentucky Supreme Court's rulings may be summarized as follows. It held that the testimony of Kaye Thomas, though erroneously admitted in the guilt phase, was a harmless error.

It concluded that hearsay testimony concerning Larry Milligan's pre-trial identification was also error, but a harmless one. It held that the trial court did not abuse its discretion by limiting individual voir dire questioning. It also held that Petitioner's acknowledged mental retardation rendered neither his initial post-arrest statement to police nor his subsequent statement on July 20, 2004, to be involuntary in violation of *Miranda*. Finally, it held that the trial court did not err to deny an instruction either on extreme emotional disturbance or one of second-degree manslaughter as a lesser included offense of wanton murder.

The Supreme Court did reverse and remand the conviction of Petitioner's co-defendant Derek Edmonds. Eventually, the trial court entered an amended judgment on Edmonds' sodomy conviction to reduce his sentence to life, rather than a sentence of life without parole. Justices Noble and Minton dissented based on their view that the erroneous admission of Kaye Thomas's testimony was not harmless error and that the Defendants were entitled to an instruction on second-degree manslaughter as a lesser included offense.

Thereafter, Petitioner filed this petition for writ of habeas corpus which raises seven claims of constitutional error. First, Petitioner argues that permitting Kaye Thomas to testify at length during the guilt phase, violated his due process rights. Second, that the trial court violated his Sixth Amendment right to confrontation when it allowed several witnesses to give hearsay testimony concerning the absent eyewitness statements and identification of Larry Milligan. Third, that both the April 6, 2004, tape-recorded statement and the July 20, 2004, telephonic statement violated his Sixth Amendment rights under the *Miranda* decision. Fourth, that when he trial court limited and restricted his voir dire, it violated his Sixth and Fourteenth Amendment rights. Fifth, that by refusing to strike for cause certain jurors the trial court violated his Sixth

and Fourteenth Amendment rights. Sixth, that by refusing to give lesser included instructions on murder under extreme emotional disturbance and second-degree manslaughter, the trial court denied him his right to due process. Finally, that he was denied his right to a fair trial by an impartial jury under the Sixth and Fourteenth Amendments when he was forced to stand trial before a death-qualified jury, even though he was not subject to the death penalty.

After a full briefing which contained excellent presentations on both sides, the Magistrate Judge issued a 130-page opinion thoroughly analyzing each of Petitioner's claims. The Court has now conducted its own review of these issues. As to each of the issues which Petitioner has raised, the Magistrate Judge has conducted a thorough analysis. As to each issue this Court must ask whether the Magistrate Judge was incorrect and whether this Court can add anything of value to the discussion of it. It must also be noted that Petitioner's counsel has filed comprehensive and well argued objections to the Magistrate's report. Several of the issues raised are those upon which reasonable minds could differ. Petitioner has argued admirably and vigorously, but not differently than he did originally to the Magistrate.

In the end, this Court cannot improve upon the Magistrate's comprehensive analysis. Any additional comment would tend to confuse rather than clarify. The Court adopts the Magistrate Judge's analysis in full and particularly adopts his concluding words which are worthwhile to repeat here:

> The Court has carefully examined each of the seven issues, and their respective subparts, raised by the petitioner in his well-drafted memorandum of law. Review of Hall's arguments and the persuasive responses of the Warden leads the Court to several important conclusions. First, and perhaps foremost, it cannot be said in any sense that Hall's trial was error free. It was not. The trial court undeniably erred, albeit purely as a matter of state evidentiary law, in the admission of those portions of Kay Thomas's testimony that went beyond humanizing the victim. Likewise, the trial court again erred, repeatedly

>  although harmlessly, in permitting various prosecution witnesses to testify to Larry Milligan's out-of-court identification of the petitioner, when Milligan did not appear to testify at trial in violation of both the Confrontation Clause and state hearsay law. The federal Constitution, however, does not presume to require perfect trials, merely those that are fundamentally fair. *Wright v. Dallman,* 999 F.2d 174, 179 (6th Cir. 1993)(citing *Rose v Clark,* 478 U.S. 570, 579 (1986)). Hall received such a trial according to the decision of the Kentucky Supreme Court, which appears to be neither contrary to nor an unreasonable application of the controlling precedent of the U.S. Supreme Court.
>
>  Second, the Court concludes with equal confidence that *Harrington v Richter,* 131 S. Ct. 770, 784-787, 178 L. Ed.2d 624 (U.S. Jan 19, 2011), and its stringent standard for habeas corpus relief, represents a bellwether development in the law of habeas corpus that cannot be ignored in the outcome of this action. Few matters in life are not subject to reasonable debate among fair-minded persons. It follows perforce that whether this court, or any other for that matter, might have sat more comfortably in dissent, or the majority, in *Hall v. Commonwealth*, App. No. 2007-SC-359, 2009 WL 4263142 (Ky. Dec. 1, 2009) is entirely irrelevant to the proper outcome of these proceedings. So long as fair-minded jurists could debate the existence of arguments, based on existing U.S. Supreme Court precedent, that would support the outcome below that outcome *must* be upheld even in the face of strong arguments by the petitioner. That is exactly what has occurred in the present case. Consequently, the Court, in accordance with *Harrington,* and for the reasons set forth more fully above, shall recommend that Hall be denied habeas corpus relief so that he may continue to serve his life sentence without the possibility of parole for 25 years.

This Court agrees with the Magistrate Judge's conclusions as to each specific issue and most particularly its general assessment set forth above.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that this Court adopts the Findings of Fact, Conclusions of Law and Recommendation of the Magistrate Judge in full; the Petition for Writ of Habeas Corpus is DENIED, and this Petition is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.

This is a final order.


cc: Counsel of Record
Magistrate Judge Dave Whalin